**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**LARRIE LITTLE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26CV159-JDM-RP**

**PARKER HANNIFIN CORP., RACOR DIV.** **DEFENDANT**

**ORDER DENYING MOTION TO COMPEL**

This matter is before the court on the pro se plaintiff Larrie Little's motion to compel the defendant to participate in a Rule 26(f) discovery planning conference, which the plaintiff states is "a non-discretionary, mandatory obligation for all parties." ECF 27. The defendant Parker Hannifin Corp., Racor Div. opposes the motion, arguing that a Rule 26(f) conference is unnecessary in this case, and that the defendant should not be required to participate in such a conference after the plaintiff himself refused the court's offer to schedule one. The court agrees with the defendant.

The court docketed a case management order on August 11, 2026. Thereafter, after receiving correspondence from the plaintiff expressing alarm that the parties had not conducted a Rule 26(f) discovery planning conference before the court entered the case management order and implying that the court and the defendant had colluded to prepare and enter a case management order without the plaintiff's participation, the undersigned magistrate judge set a status teleconference with the parties for the purpose of discussing the plaintiff's desire for a Rule 26(f) conference. As reflected in the minutes of the status conference, the undersigned offered to conduct a Rule 26(f) conference with the parties and to amend the case management order as appropriate, to include setting a settlement conference. Defense counsel agreed, but the

plaintiff declined, stating he was unprepared. The undersigned then offered to schedule a Rule 26(f) conference at a future date convenient to the plaintiff, but the plaintiff declined that offer as well. ECF 26.

The court finds that a discovery planning conference is unlikely to be of benefit to the parties or the court in this case. Discovery is underway – the plaintiff himself has commenced discovery proceedings -- and again, the plaintiff declined the court's offer of such a conference. The court is unpersuaded by the plaintiff's insistence that such a conference should be conducted without the court's participation. Given the tenor of the plaintiff's correspondence with the court and with defense counsel, the court believes that such a conference without the court's participation would be wholly unproductive and would needlessly tax the parties' time and resources.

Rule 26(f) requires the parties to participate in a discovery planning conference except in certain exempted proceedings "or when the court orders otherwise." FED. R. CIV. P. 26(f). As the Fifth Circuit has stated, "Rule 26(f), by its terms, gives the district court discretion to exempt particular cases from complying with the requirements of Rule 26(f) …" *Solorzano v. Shell Chemical Company*, 254 F.3d 1082, 2001 WL 564154, at *3 (5th Cir. 2001) (unpublished) (affirming magistrate judge's denial of pro se plaintiff's motion to require parties to prepare and submit Rule 26(f) plan). The court finds this case should be so exempted.

For these reasons, the plaintiff's motion is DENIED.

SO ORDERED, this, the 16th day of September, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE